**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**IRA MARCHE & MARCIA BOWDEN, M.D.**

      **PLAINTIFFS,**

**VS.**
                              **CAUSE NO.:** 3:16cv203-NBB-JMV
                                        **Jury Trial Demanded**

**CITY OF SOUTHAVEN, MISSISSIPPI,**
**SERGEANT BRETT LOGANZINO, in his**
**Official and individual capacity; OFFICER**
**JEREMY DELANEY, in his official and**
**Individual capacity, AND**
**JOHN DOE DEFENDANTS, 1-10,**

      **DEFENDANTS.**

## COMPLAINT

COME NOW the Plaintiffs, Ira Marche and Dr. Marcia Bowden, by and through undersigned Counsels, filing this Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

### I. INTRODUCTION

1. This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiffs as a result of their unlawful detention while Defendants acted under color of state law. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiffs of their federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, to be free from arrest without just cause, and to be free to speak freely. U.S. CONST. amends. I, IV, XIV.

2.     As a direct result of the policies, practices, customs and procedures of the City of Southaven ("City"), Plaintiffs were intentionally deprived of their constitutional rights guaranteed to them by the Fourth, First, and Fourteenth Amendments to the United States Constitution. Defendant Sergeant Brett Logazino and Defendant Officer Jeremy Delaney (collectively "Defendant Officers"), police officers acting in the course and scope of their employment with the City of Southaven, and acting under color of state law, unjustifiably used excessive force, retaliated against Plaintiffs' exercise of their right to speak freely, maliciously prosecuted them, failed to intervene, and falsely arrested them without probable cause and under circumstances where no reasonable police officer would have done so. Under long established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (3) (civil rights) and 28 U.S.C. § 1343 (a)(3). This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue in the Northern District of Mississippi is proper under 28 U.S.C. § 1391(b) because Defendants are located in this District and the events, actions, and injuries giving rise to the claims described in the body of this Complaint all occurred in the Northern District of Mississippi.

## III. PARTIES

5.     Plaintiff, Ira Marche, is an adult resident citizen of Shelby County, Tennessee, who

resides at 586 Madewood Drive, Memphis, Tennessee 38103.

6.      Plaintiff, Marcia Bowden, M.D., is an adult resident citizen of Shelby County, Tennessee, who resides at 586 Madewood Drive, Memphis, Tennessee 38103.

7.       Defendant City of Southaven (hereinafter "the City") is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi.  Amongst its many functions, the City of Southaven operates and maintains a law enforcement agency known as the Southaven Police Department ("SPD"). The City is under a duty to operate its police activities in a lawful manner so as to preserve the peace and dignity of the City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. The City may be served with process through Mayor Daren Musselwhite or City Clerk Andrea Mullen at 8710 Northwest Drive, Southaven, Mississippi 38671.

8.      Defendant Sergeant Brett Logazino (hereinafter "Sergeant Logazino") is an individual employed in Southaven, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Sergeant Logazino while he was acting under color of state law, and each act and omission was committed pursuant to Sergeant Logazino's employment and authority as a sergeant police officer with the City of Southaven. Sergeant Logazino may be served with process at SPD located at 8691 Northwest Drive, Southaven, Mississippi 38671.

9.      Defendant Officer Jeremy Delaney is an individual employed in Southaven, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Officer Delaney while he was acting under color of state law, and each act and omission was committed pursuant to Officer Delaney's employment and authority as a police officer with the

City of Southaven, Mississippi. Officer Delaney may be served with process at SPD located at 8691 Northwest Drive, Southaven, Mississippi 38671.

10.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants John Does 1 through 10 are currently unknown to Plaintiff who therefore sues these Defendants by such fictitious names. However, John Doe Defendants 1-10 are believed to be individual officers of SPD Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants violated Plaintiffs' federal constitutional rights or is otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiffs' injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of the fictitiously named Defendants when the same have been ascertained.

## IV. FACTS

11.     On or about September 7, 2015, Plaintiffs, Ira Marche and his wife, Marcia Bowden, M.D., were traveling on Church Road, in Southaven, Mississippi (Desoto County).

12.     Plaintiff Marche was driving a 2008, black Jaguar, with a personalized "Kappa Alpha Psi," Tennessee State license plate, bearing identification number TN-230NU. Plaintiff Bowden traveled as a passenger.

13.     Sergeant Brett Logazino (Sgt. Logazino), employed by SPD, allegedly observed the vehicle speeding and performed a traffic stop.

14.     Sgt. Logazino knew Plaintiff Marche and his Jaguar from a previous traffic stop he initiated some two months before, on June 15, 2015. It involved Plaintiff Marche while he drove the same Jaguar.

15.     On that occasion, Sgt. Logazino cited Plaintiff Marche for violating Miss. Code Ann. § 27-19-131. He had expressed his displeasure that Plaintiff Marche's Jaguar had a Tennessee tag. He believed Plaintiff Marche was a Desoto County resident because he saw Plaintiff Marches' Jaguar "every day during school traffic" for "at least nine months."[1] Sgt. Logazino ignored Plaintiff Marche's Tennessee car registration and Tennessee driver's license that displayed his Tennessee address.

16.     Plaintiff Marche was forced to answer the June 2015 charges in the Southaven City Court.

17.     Those charges were eventually dismissed.

18.     During the September 7, 2015 stop, Plaintiff Marche responded to the blue lights by pulling his car over on the side of the road.

19.     Sgt. Logazino approached the driver's side door of Plaintiff Marche's vehicle and asked for his license and registration.

20.     Officer Jeremy Delaney, also employed by SPD, eventually approached as back-up.

21.     When it appeared Plaintiff Marche could not find his license, St. Logazino demanded he produce it or be arrested.

22.      Still searching for his license, Plaintiff Marche reminded Sgt. Logazino of the June 2015 citation and that Sgt. Logazino knew him.

23.     After all, Sgt. Logazino had sworn before a clerk of court that he could readily recognize Plaintiff Marche and his car.

24.     Plaintiff Marche also verbally gave Sgt. Logazino his identifying information. Officer Delaney sent it to dispatch for verification.

25.     Dispatch confirmed Plaintiff Marche's identity and indicated that the information he

---

[1] See Uniform Traffic Ticket, City of Southaven, No.: 286136.

5

provided to the Sergeant "cleared."

26.     Despite that fact, Sgt. Logazino informed Plaintiff Marche that dispatch could not confirm his identity and insisted that if Plaintiff Marche could not find his license, he would have to arrest him so that his identity could be verified "officially."

27.     Plaintiff Marche asked Sgt. Logazino for permission to see if the license was in his trunk. With permission, Plaintiff Marche searched his trunk to no avail. However, while Plaintiff Marche searched the trunk, Sgt. Logazino began searching the trunk as well.

28.     Plaintiff Marche then asked could he search the glove compartment. With permission, he returned to the driver's seat, leaned over Plaintiff Bowden, who was still seated in the passenger's seat, and proceeded to check the glove compartment.

29.     While Plaintiff Marche searched the glove compartment for his license, Officer Jeremy Delaney placed his finger on the trigger of his gun and slightly lifted it in the holster.

30.     Plaintiff Bowden noticed Officer Delaney's hand on his gun and began begging Officer Delaney not to "shoot [my] husband" and that they were law abiding citizens.

31.     Officer Delaney yelled, "Shut up ma'am! Get out of the car and let me see your license!"

32.     Plaintiff Marche, still seated in his car, then told Plaintiff Bowden, "Honey, be quiet. This is some redneck shit. They will hurt you."

33.     Immediately, Defendant Officers, without probable cause, placed Plaintiff Marche in handcuffs and arrested him.

34.     Officer Delaney placed Plaintiff Marche, who is 6 feet 2 inches, in cramped space in the back of the police car where he remained for over an hour.

35.     Plaintiff Bowden followed Defendant Officers instructions and stepped out of the vehicle. She nervously looked for her license in her purse.

36. Officer Delaney began yelling, "I told you to give me your license! Where is your license?"

37. Plaintiff Bowden informed him it would take time because her purse was always a mess. She even held the purse over to let him see the amount of stuff she had in her purse.

38. Instead of merely looking inside the purse, Officer Delaney snatched it from her roughly and began searching through it.

39. Officer Delaney continued to yell at Plaintiff Bowden, "Where is your license!?" He threatened to throw all "your mess on the ground, and I will tow that car."

40. Plaintiff Bowden responded that she could look for the license but he had her purse.

41. He then asked in whose name was the car registered. When Plaintiff Bowden was not sure, he began questioning whether Plaintiffs were really married.

42. At that time, Plaintiff Bowden asked Officer Delaney if they would allow her to go to her father's home, which was down the street, to get Plaintiff Marche's license if that was the only reason he was being arrested.

43. Defendant Officers refused.

44. Plaintiff Bowden again informed the officer they were law abiding citizens and supported the police. She enumerated several acts of charity they performed for many entities, including the City of Memphis Police Department.

45. She also verbally gave the officer her social security number and date of birth. Officer Delaney returned with information from dispatch also confirming Plaintiff Bowden's identify.

46. Plaintiff Bowden even called Attorney Ruby Wharton, the wife of the Mayor of Memphis, to confirm Plaintiff Marche's and her good character.

47. After getting Attorney Wharton on her cellular phone, Plaintiff Bowden handed the phone to Officer Delaney. He ended the call by telling Attorney Wharton he did not care who she was.

48.     Officer Delaney then immediately placed Plaintiff Bowden's hands behind her back and handcuffed them.

49.     Prior to September 7, 2015, Plaintiff Bowden had never been arrested.

50.     Officer Delaney then began moving her toward his car while bearing his weight down on the handcuffs. When Plaintiff Bowden told him he was hurting her, he denied putting his weight on the cuffs, but did not ease the applied force.

51.     Officer Delaney took Plaintiff Bowden to Officer Reed's car. Officer Reed had arrived on scene to transport Plaintiffs.

52.     Officer Delaney then threatened Plaintiff Bowden, "You won't get hurt if you go in butt first, but I don't care how you get in there."

53.     Plaintiff Bowden immediately began experiencing chest pain and shortness of breath.

54.     Plaintiff Bowden expressed to Officer Reed that she was asthmatic and felt ill.

55.     Officer Reed quickly retrieved Plaintiff Bowden's purse from Officer Delaney and gave Plaintiff Bowden her asthma pump.

56.     Defendant Officers then took both Plaintiff Marche and Plaintiff Bowden to SPD, where they were placed in a holding cell.

57.     While at SPD's holding facility, Plaintiff Bowden became violently ill and began vomiting profusely. The arresting officers delayed calling the ambulance for over thirty minutes.

58.     Plaintiff Bowden was eventually taken to Desoto Baptist Hospital in handcuffs.

59.     Defendant Officers' humiliated Plaintiff Bowden by forcing her to appear at the hospital before her professional colleagues in handcuffs, which are customarily used for criminal offenders.

60.     To add insult to injury, while at the hospital, Defendant Officers entered Plaintiff Bowden's private treatment area without medical personnel or Plaintiff Bowden's permission.

61.     The treating physician stated Plaintiff Bowden's symptoms were stress induced and that continued stress would jeopardize her health even more.

62.     She was eventually transported back to Desoto County jail.

63.     Initially, Officer Delaney and Sgt. Logazino charged Plaintiff Marche with "public profanity," but they later changed the charge to "disorderly conduct- failure to comply with the commands of law enforcement."

64.     They charged Plaintiff Bowden with "Disorderly Conduct-Failure to Comply."

## V. CIVIL RIGHTS CLAIM

65.     Plaintiffs' reallege paragraphs 1 through 64 of this Complaint and incorporate them herein by reference.

66.     The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> **42 U.S.C. § 1983**.

67.     Plaintiffs allege that Defendants, jointly and/or severally, deprived them of their Fourth and First Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

> A.     By falsely arresting Plaintiffs in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

> B.     By using their badge, uniform, and authority invested by SPD to arrest Plaintiffs in direct retaliation against Plaintiffs' exercise of their rights to freedom of speech in violation of the First Amendment.

9

C.  By using excessive force when seizing Plaintiffs;

D.  By delaying medical attention to Plaintiff Bowden while she was unlawfully arrested, where it was clearly necessary and required by law, which exacerbated Plaintiffs medical condition;

E.  By maliciously prosecuting Plaintiffs;

F.  By failing to intervene while companion Defendant Officer violated Plaintiffs constitutional rights.

G.  By failing to provide supervision and/or proper training to prevent such incidents of excessive force, First Amendment retaliatory conduct, and false arrest.

Defendants' violations of Plaintiffs' constitutional rights resulted in suffering and were a direct cause of their injuries.

## I.  CLAIM ONE: 42 U.S.C. § 1983— PEACE OFFICER LIABILITY

### A.  <u>PLAINTIFF IRA MARCHE</u>

#### 1.  <u>False Arrest</u>

68.  Plaintiff reallege paragraphs 1 through 67 of this Complaint and incorporate them herein by reference.

69.  Plaintiff bring this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

70.  At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

71.  Plaintiff Marche contends Defendant Officers violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him. Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff Marche of his

Fourth Amendment rights to be free from unlawful seizure by arresting Plaintiff Marche without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur. Plaintiff alleges the following:

72.     Defendant Officers initiated a traffic stop on Plaintiff Marche for allegedly speeding.

73.     Defendant Sgt. Logazino knew Plaintiff Marche from a separate encounter where Sgt. Logazino brought charges against him on citations that did not legally apply to Plaintiff Marche in law or in fact.

74.     It is clear from Plaintiff Marche's June 15, 2015 encounter with Sgt. Logazino and the September 7, 2015 encounter complained of herein, Sgt. Logazino was harassing him.

75.     Despite recognizing Plaintiff Marche, Sgt. Logazino immediately threatened to arrest him if Plaintiff Marche failed to produce his identification.

76.     Furthermore, in total disregard that dispatch confirmed Plaintiff Marche's identity, Defendant Officer's informed Plaintiff Marche that dispatch could not identify him and continued to pursue arrest if he did not produce his license, rather than giving Plaintiff Marche a speeding citation and releasing him.

77.     Despite no probable cause, Defendant Officers arrested Plaintiff Marche for exercising his constitutional right to speak freely in the privacy of his vehicle.

78.     After stating to his wife, "Honey, be quiet. This is some redneck shit. These people will hurt you." Defendant Officers immediately forced Plaintiff Marche out of his vehicle and arrested him.

79.     Defendant Officer Delaney stated specifically, "I sensed that the verbal altercation was escalating, so I took Plaintiff Marche into custody."

80.     Defendant Officers arrested Plaintiff because they did not like the words spoken by

Plaintiff Marche, not because those words were criminal.

81.     Plaintiff Marche neither committed a criminal act to warrant arrest nor used his words to incite his wife in an effort to prevent his arrest.

82.     In fact, Plaintiff Marche never directed any statements to Defendant Officers.

83.     He also did not threaten Defendant Officers.

84.     He did not curse them.

85.     He also did not threaten his wife or curse her.

86.     To the contrary, Plaintiff Marche attempted to keep his wife calm amidst the hostile situation created by Defendant Officers.

87.     It is clear that Defendant Officers arrested Plaintiff Marche to prevent an imaginary danger at some indefinite future time and that Defendant Officers were actually the ones escalating during the traffic stop.

88.     No reasonable officer, considering the facts and circumstances within Defendant Officers' knowledge, would have believed Plaintiff Marche was not who he claimed or that he committed or was committing a criminal offense by speaking to his wife-- especially since both Plaintiffs' identities were verified and Plaintiff Marche uttered the alleged profane language inside the privacy of his vehicle to his wife.

89.     Defendant Officers used and abused their badges and the authority bestowed by SPD to interfere with Plaintiff Marche's liberty without reasonable and just cause in violation of the Fourth Amendment.

90.     It is readily apparent Defendant Officers lacked probable cause to arrest Plaintiffs based on their subsequent changing the charge from public profanity to disorderly conduct.

91.     The Southaven City Court dismissed the charges against Plaintiff Marche.

92.     As a direct and proximate cause of this unlawful arrest, Plaintiff suffered federal civil liberty violations, public humiliation, injury to his body, and mental and emotional distress.

93.     At the time of the incident, there were no outstanding warrants for Plaintiff Marche's arrest.

## 2. **First Amendment Retaliation**

94.     Plaintiff realleges paragraphs 1 through 93 of this Complaint and incorporates them herein by reference.

95.     Plaintiff Marche brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

96.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

97.     Plaintiff contends Defendant Officers violated his federal constitutional guarantees of the First Amendment, incorporated to the states by the Fourteenth Amendment, by retaliating against the exercise of his right to speak freely. Plaintiff alleges the following:

98.     Defendant Officers willfully deprived Plaintiff Marche of the constitutional guarantees of freedom of speech that forbid the states to punish the use of words or language that does not fall within narrowly limited classes of speech.

99.     Defendant Officers' arrest of Plaintiff Marche solely based on speech that he directed to his wife in the privacy of his vehicle, when his speech neither incited, produced, or threatened to produce imminent violence or lawless action and was unlikely to incite, produce, or threaten imminent violence or lawlessness violated his right to speak freely.

100.    Defendant Officers' retaliated against Plaintiff Marche for using words that annoyed or

13

offended them though those words were not made in a public place, that did not incite a breach of the peace, and were not directed to Defendant Officers, which is not enough to make said speech criminal.

101. Lastly, Defendant Officers charged Plaintiff Marche pursuant Miss. Code Ann. § 97-29-47. Plaintiff Marche alleges that this statute is both overbroad and, therefore, unconstitutional on its face. It is also unconstitutional as applied to him.

102. Plaintiff Marche contends that the Officer's use of this unconstitutional statute further violated his First Amendment rights as applied to him because alleged cursing, vulgarity, or indecent language is prohibited if done in a public place in the presence of two or more persons whether or not he directed that language to Defendant Officers and whether or not said language threatens a breach of the peace.[2]

103. Plaintiff Marche contends that the overall unconstitutionality of the statute is buttressed by the fact there is no requirement in the statute that limits Defendant Officers unfettered discretion to censor protected speech.

104. As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, injury to his body, and mental and emotional distress.

105. Plaintiff Marche respectfully requests a declaratory judgment that Miss. Code Ann. § 97-29-47 is unconstitutional both on its face and as applied to him, (2) a permanent injunction against any attempt to enforce the statute, (3) an order expunging the records of his arrests under the statute, and (4) damages and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

### 3. **Excessive Force**

---

[2] Plaintiff affirmatively allege that speech was made in the privacy of his vehicle.

106.    Plaintiff realleges paragraphs 1 through 105 of this Complaint and incorporates them herein by reference.

107.    Plaintiff Marche brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

108.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven.  Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

109.    Plaintiff contends Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force. Plaintiff Marche alleges the following:

110.    Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).   The facts and circumstances of this case show that Defendant Officers' act  of arresting Plaintiff Marche and leaving him in cramped space in the back seat of a patrol car for over an hour was clearly unreasonable.

111.    At the time of the incident, Defendant Officers had no reason to believe Plaintiff Marche was armed or dangerous.

112.    Plaintiff Marche made no violent movements towards Defendant Officers or any other person that could be interpreted as threating. Second, Plaintiff Marche made no verbal threats to Defendant Officers or any other person. Third, Plaintiff Marche did not commit a criminal act in their presence warranting arrest. Fourth, Defendant Officers knew Plaintiff Marche was a substantial height requiring more space in the back seat of the patrol car.

15

113.    Defendant Officers did not have probable cause to arrest Plaintiff Marche or a right to force him into a cramp space for over an hour as punishment.

114.    Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

115.    Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff Marche's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

116.    As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, injury to his body, i.e. deep vein thrombosis, and mental and emotional distress.

### 4. **Malicious Prosecution**

117.    Plaintiff realleges paragraphs 1 through 116 of this Complaint and incorporates them herein by reference.

118.    Plaintiff Marche brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

119.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

120.    Plaintiff contends Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, by maliciously prosecuting him. Plaintiff Marche alleges the following:

121.    Defendant Officers instituted and commenced criminal charges with malice when it used the criminal process to harass and retaliate against Plaintiff, an unworthy motive under the law. Defendant Officers knew, at all times relevant, Plaintiff Marche's identity.

122.    Despite that fact, Defendant Officers exacerbated the situation and continued to pursue arrest, where a reasonable officer, with the same knowledge and under similar circumstances, would have issued a citation and dismissed Plaintiff.

123.    Nevertheless, Sgt. Logazino decided to harass Plaintiff Marche and arrest him. Plaintiff Marche attributes Sgt. Logazino's egregious conduct to the previous dismissal of other unwarranted charges instituted by Sgt. Logazino.

124.    As such, Sgt. Logazino acted in concert with Officer Delaney and created a reason to arrest Plaintiff even though Defendant Officers had no probable cause to arrest him.

125.    Disregarding Defendant Officers' lack of probable cause, they falsely reported that Plaintiff Marche was disorderly and failed to comply with their commands, even though they initially arrested him for public profanity, which was both legally and factually untrue.

126.    Plaintiff alleges Defendant Officers commenced criminal charges out of spite, revenge, and to harass him.

127.    Eventually, all charges were dismissed in the Southaven City Court.

128.    As a result of the foregoing actions, Defendants Officers injured Plaintiff's reputation and character, exposed him to public contempt, ridicule, stigmatization, labeling, public scorn, degraded him in society, lessened him in public esteem, and lowered him in the confidence of the community. Plaintiff also suffered embarrassment, humiliation, inconvenience, mental anguish, emotional distress, and pain and suffering as a direct and proximate result of acts and/or omissions of the Defendant Officers.

**5.  Failure to Intervene -Sgt. Logazino and Officer Delaney respectively**

129.    Plaintiff realleges paragraphs 1 through 128 of this Complaint and incorporates them herein by reference.

130.    Plaintiff Marche brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

131.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven.  Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

132.    Plaintiff contends Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his substantive due process rights, by failing to intervene as companion officers violated those constitutional rights and liberties.

133.    Defendant Officers failed to protect Plaintiff Marche from a danger they proactively created and aggravated. Specifically, Defendant Officer's immediately began violating Plaintiff's rights to be from unlawful search and seizure when they omitted dispatch findings and began searching and seizing Plaintiff.

134.    Sgt. Logazino, by requesting Plaintiff Marche's identification after dispatch confirmed his identity placed the Plaintiff in a substantial risk of harm.

135.    This is evident by Officer Delaney's conduct while Plaintiff Marche looked into his glove compartment in search of his license.

136.    Defendant Officers' actions and inactions were egregious and arbitrary. Plaintiff Marche risked substantial injury while looking for his license, as Officer Delaney placed his hand on his

18

gun's trigger and lifted it from his holster for "officer's safety."

137. Further, Defendant Marche was subjected and sustained substantial injury to his legs as direct cause of Defendant Officers conduct.

138. Defendant Officers, as state actors, failed to prevent one another from causing or placing Plaintiff Marche in direct and an unreasonable risk of harm, further violating his federal civil liberties.

139. Defendant Officers, individually, had reason to know that a constitutional violation had been committed by the other; and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

140. Sgt. Logazino had superior rank over Officer Delaney and had ample opportunity to correct his behavior that was unbecoming of a police officer.

141. Defendant Officers also shared a law enforcement relationship, where each respectively understood the policies and procedures in conducting a traffic stop and also those procedures that, if in incompliance, would immediately violate a citizen's, such as Plaintiff Marche's, constitutional rights.

142. As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, injury to his body, and mental and emotional distress.

## II.    PLAINTIFF MARCIA BOWDEN

### 6.  False Arrest

143.    Plaintiff reallege paragraphs 1 through 142 of this Complaint and incorporate them herein by reference.

144.    Plaintiff brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

145.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

146.    Plaintiff contends Defendant Officers violated her federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting her.  Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff Bowden of her Fourth Amendment rights to be free from unlawful seizure by arresting Plaintiff Bowden without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur. Plaintiff alleges the following:

147.    Defendant Officers initiated a traffic stop on Plaintiff Bowden's husband for allegedly speeding.

148.    Despite a lack of probable cause, they arrested Plaintiff Bowden for trying to prove her identity to officers.

149.    Defendant Officers did not have probable cause to request her identification or request that she step out of the vehicle because she was not the driver of the car.

150.    Plaintiff Bowden had no warrants for her arrest, and Defendant Officers had not seen or suspected that she committed a crime or was in the act of committing a crime.

151.   After contacting Attorney Wharton, Defendant Officers arrested her without probable cause.

152.   No reasonable officer, considering the facts and circumstances within Defendant Officers' knowledge would have believed Plaintiff Bowden was not who she claimed, or that she committed or was committing a criminal offense by begging Defendant Officers not to shoot her husband.

153.   Defendant Officers used and abused their badges and the authority bestowed by the SPD to interfere with Plaintiff Bowden's liberty without reasonable and just cause as required by the Fourth Amendment.

154.   The Desoto County Court found Plaintiff Bowden not guilty of the charges.

155.   As a direct and proximate cause of this unlawful arrest, Plaintiff suffered federal civil liberty violations, public humiliation, injury to her body, and mental and emotional distress.

### 7. **Excessive Force**

156.   Plaintiff realleges paragraphs 1 through 155 of this Complaint and incorporates them herein by reference.

157.   Plaintiff Bowden brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

158.   At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

159.   Plaintiff contends Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force. Plaintiff Bowden alleges the following:

160.    Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989). The facts and circumstances of this case show that Defendant Officers' act of arresting Plaintiff Bowden without probable cause was clearly unreasonable.

161.    At the time of the incident, Defendant Officers had no reason to believe Plaintiff Bowden was armed or dangerous.

162.    Plaintiff Bowden made no violent movements towards Defendant Officers or any other person that could be interpreted as threating. Second, Plaintiff Bowden made no verbal threats to Defendant Officers or any other person. Third, she did not touch Defendant Officers.

163.    Defendant Officers did not have probable cause to arrest Plaintiff Bowden or a right to place excessive force on handcuffs around her wrist.

164.    When Plaintiff complained of the force, Defendant Officers ignored her and continued to exert force until she incurred an asthma attack.

165.    Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

166.    Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff Bowden's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

167.    As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, injury to her body, and mental and emotional distress.

**8. Delayed medical attention to Plaintiff Bowden, where it was clearly necessary and required by law, which exacerbated Plaintiffs medical condition while unlawfully arrested.**

168. Plaintiff realleges paragraphs 1 through 167 of this Complaint and incorporates them herein by reference.

169. Plaintiff Bowden brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

170. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

171. Plaintiff Bowden contends Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, by delaying medical attention until her illness intensified.

172. Defendant Officers could visibly see Plaintiff Bowden began feeling ill and was asthmatic. It was even more evident when Officer Reed urgently intervened and gave Plaintiff Bowden her asthma pump.

173. Defendant Officers inflicted excessive force, unlawful seizure, and violated her substantive due process rights when they merely watched as Plaintiff Bowden had an acute asthma attack and began to unceasingly, and violently vomit.

174. After over thirty minutes, Defendant Officers decided to call EMS, where an immediate call would have prevented an aggravated condition.

175. As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered

federal civil liberty violations, public humiliation, injury to her body, and mental and emotional distress.

### 9. **Malicious Prosecution**

176.    Plaintiff realleges paragraphs 1 through 175 of this Complaint and incorporates them herein by reference.

177.    Plaintiff Bowden brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

178.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

179.    Plaintiff Bowden contends Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, by maliciously prosecuting her. Plaintiff Bowden alleges the following:

180.    Defendant Officers instituted and commenced criminal charges with malice when it used the criminal process to harass and retaliate against her, an unworthy motive under the law. Defendant Officers knew, at all times relevant, dispatch confirmed Plaintiff Bowden's identity.

181.    Despite that fact, Defendant Officers exacerbated the situation and continued to pursue arrest, where a reasonable officer, with the same knowledge and under similar circumstances, would have issued a citation and dismissed Plaintiffs.

182.    Nevertheless, Sgt. Logazino decided to harass Plaintiff Bowden and arrest her knowing that she was visibly afraid of them. Plaintiff Bowden attributes Sgt. Logazino's egregious conduct to the previous dismissal of other unwarranted charges instituted by Sgt. Logazino against her

husband.

183.    As such, Sgt. Logazino acted in concert with Officer Delaney and created a reason to arrest Plaintiff Bowden, even though Defendant Officers had no probable cause to arrest her.

184.    Disregarding their lack of probable cause, Defendant Officers falsely charged Plaintiff Bowden with disorderly conduct.

185.    Plaintiff alleges Defendant Officers commenced criminal charges out of spite, revenge, and to harass her.

186.    Eventually, all charges were dismissed in the Southaven City Court.

187.    As a result of the foregoing actions, Defendants Officers injured Plaintiff's reputation and character, exposed her to public contempt, ridicule, stigmatization, labeling, public scorn, degraded her in society, lessened her in public esteem, and lowered her in the confidence of the community. Plaintiff also suffered embarrassment, humiliation, inconvenience, mental anguish, emotional distress, and pain and suffering as a direct and proximate result of acts and/or omissions of the Defendant Officers.

### 10. **Failure to Intervene -Sgt. Logazino and Officer Delaney respectively**

188.    Plaintiff realleges paragraphs 1 through 188 of this Complaint and incorporates them herein by reference.

189.    Plaintiff Bowden brings this claim against Officer Delaney and Sergeant Logazino, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

190.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant, the City of Southaven. Defendant Officers wore their official SPD uniform, and were acting in the course and scope of their duties as Southaven Police Officers at all times relevant to this cause of action.

191.    Plaintiff contends Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and her substantive due process rights, by failing to intervene as companion officers violated those constitutional rights and liberties.

192.    Defendant Officers failed to protect Plaintiff Bowden from a danger they proactively created and aggravated. Specifically, Defendant Officer's immediately began violating Plaintiff's rights from unlawful search and seizure when they omitted dispatch findings and began searching and seizing Plaintiff.

193.    Sgt. Logazino, by requesting Plaintiff Bowden's identification after dispatch confirmed her identity, placed the Plaintiff in a substantial risk of harm.

194.    Defendant Officers' actions and inactions were egregious and arbitrary. Plaintiff Bowden was left in the custody of companion officers who illegally arrested her and used unnecessary force to detain her.

195.    Defendant Officers, as state actors, failed to prevent one another from causing or placing Plaintiff Bowden in direct and an unreasonable risk of harm, further violating her federal civil liberties.

196.    Defendant Officers, individually, had reason to know that a constitutional violation had been committed by the other; and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

197.    Sgt. Logazino had superior rank over Officer Delaney in a context different than the authority granted by her to enforce the laws of the State.

198.    They also shared a law enforcement relationship, where each respectively understood the policies and procedures in conducting a traffic stop and also those procedures that, if not in

compliance, would immediately violate a citizen's, such as Plaintiff Bowden's, constitutional rights.

199.    As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, injury to her body, and mental and emotional distress.

### (2) PLAINTIFFS'2nd CLAIM: 42 U.S.C. § 1983—MUNICIPAL LIABILITY

200.    Plaintiffs reallege paragraphs 1 through 199 of this Complaint and incorporate them herein by reference.

201.    Plaintiffs plead that their constitutional rights were violated when Defendant Officers arrested them for a minor traffic violation.

202.    The City of Southaven is also liable under 42 U.S.C. § 198 for failing to supervise and train its police officers. In addition, the City's failure to supervise and train its police officers, and the City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights including the right to be free from arbitrary arrests for minor traffic violations and to be free from constitutional violations, and all other rights conveyed to Plaintiff's under 42 U.S.C. § 1983 and 1988.

203.    Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents  official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,404 (1997).

204.    In the present case, the City's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the

City is liable for harm caused to others, such as Plaintiffs, as a result of its policies, practices customs and procedures.

205.    Defendant, the City, is liable for the constitutional torts of Defendant Officers because the City sanctioned the following customs, practices, and policies:

    (A)    Using arrest and excessive force to carry out minor traffic stops;

    (B)    Arbitrarily using arrests when they are not necessary or permitted by law for minor traffic violations;

    (C)    Ignoring the serious need for training and supervision of its officers in regards to its policies and procedures when conducting traffic stops;

    (D)    Failing to adequately supervise and/or observe its officers;

    (E)    Failing to adequately train officers regarding the availability of alternative means other than the use of arrests, force, or excessive force for those who commit minor traffic violations;

    (F)    Failing to adequately train officers on de-escalation tactics when encountering those of different ethnicities, race, and genders;

    (G)    Disproportionately targeting, arresting, and prosecuting both foreign citizens and minority citizens for traffic violations;

    (H)    Failing to discharge officers who have shown a pattern or practice of falsely charging or arresting citizens;

    (I)    Failing to discharge officers who have shown a pattern or practice of using excessive force; and

    (J)    Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

206.    At the time Defendant Officers arrested Plaintiffs, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force and unlawful arrests. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

207.    Thus, the City's failure to supervise and train its police officers, and the City's willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiffs' injuries.

### A. Failure to Train a Single Police Officer.

208.    Plaintiffs reallege paragraphs 1 through 207 of this Complaint and incorporate them herein by reference.

209.    A city may be held liable for its failure to train a single police officer when the policymakers know about the pattern of unconstitutional misconduct and the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

210.    With respect to Defendant Officers, the need for additional or different training was obvious.  The City knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet the City did nothing by failing to discipline, supervise, or train Defendant Officers.

211.    The City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to others. The City had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others including the Plaintiffs.

212.    Thus, in light of the particular risk posed by Defendant Officers, the City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

### VI. DAMAGES

213.    Plaintiffs reallege paragraphs 1 through 212 of this Complaint and incorporate them herein by reference.

214.    In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendant Officers, Plaintiffs have suffered, and in reasonable probability will continue to suffer damages.

215.    In addition, Defendant Officers are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

216.    Plaintiffs reallege paragraphs 1 through 215 of this Complaint and incorporate them herein by reference.

217.    Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiffs thereby request that the Court and jury award their attorney's fees and expenses.

## VIII. JURY DEMAND

218.    Plaintiffs respectfully demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## VIIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiffs are justly entitled, at law or in equity. Plaintiff Marche prays for relief in the amount of $1,000,000.00. Plaintiff Bowden prays for relief in the amount of $1,000,000.00.

Respectfully submitted this the 8th day of September, 2016.

ATTORNEYS FOR PLAINTIFFS


**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr.
MSB No.: 99909
**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: jkp@perrygriffin.com

**/s/ Victoria V. Washington**
Victoria V. Washington
MSB No. 104843
**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: vw@perrygriffin.com